## 9077. GASKINS v. GRAY.

The verdict is supported by some evidence, and this court can not set it aside on the ground that a preponderance of the evidence is against it.

DECIDED MARCH 15, 1918.

Complaint; from city court of Nashville—Judge Christian. June 16, 1917.

*J. D. Lovett*, for plaintiff in error. *W. D. Buie,* contra.

WADE, C. J. Predicating his suit upon the law of contribution (Civil Code of 1910, § 3561) and determination of suretyship after judgment (§ 3557), the plaintiff gave the requisite statutory notice, and proceeded to have a determination of the issue raised by his petition and the defendant's answer, as to whether or not his legal status towards the defendant was one of cosurety or principal; and the jury having decided this issue in favor of the plaintiff, it does not rest within the power of this court arbitrarily to set aside a verdict supported by some evidence, even if it appeared, as contended by the plaintiff in error, that the "preponderance" of the testimony was against the verdict. It was for the jury alone to determine in whose favor the evidence preponderated, and it is enough if their verdict be supported by *some* evidence.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*